## MADDIN'S ADM'RS. vs. EDMONDSON, ADM'R. OF FIELD.

1. A bond given by one of two persons for a joint liability, will not extinguish the simple contract debt, unless given at the time the liability occurred, or accepted in satisfaction of the simple contract.

2. A verbal message delivered by a slave is not evidence against his master, unless it be shewn that the master acted upon or recognized such message.

## APPEAL to St. Genevieve Circuit Court.

FRISSELL, *for Plaintiffs in error, insists :*

1. That the bond executed by Malachi Maddin, in favor of Maria Field (being a security of a higher nature than the account) merged the account.

2. That the court erred in permitting hearsay testimony, and that being a statement of a slave, to go to the jury.

3. That the court permitted the jury, in their retirement to consider of their verdict, to take with them written statements of the plaintiffs below, which would be liable to influence their decision and mislead them.

4. That the court refused to give to the jury legal and proper instructions prayed for by the plaintiffs in error.

5. First, That the court gave the jury, on behalf of the plaintiffs, illegal instructions, and such as had a tendency to mislead them. Second. That the court gave the jury instructions not warranted by the facts proved in the case.

6. Allowing the copartnership proved in full, neither the court or jury should have allowed interest on the account against Richard Maddin's estate.

LEONARD & BAY, *for Defendants in error, insist:*

1. Taking the bond of Malachi Maddin did not operate as an extinguishment of the original

debt. This can only take place where the separate bond or other security of one joint debtor is taken in discharge of the joint indebtedness. Where the transaction shows such to be the intention of the parties, the joint indebtedness is extinguished, but not otherwise. Story on Partnership, 524–4–5; Steamboat Charlotte vs. Hammond, 9 Mo. R., 60; Gow on Partnership, 282.

2. The instructions given on the part of the plaintiff below contain a correct exposition of the law applicable to the facts in evidence. Bracken vs. March, 4 Mo. R., 74; King vs. Ham, 4 Mo. R., 275; Story on Partnership, p. 159, 82.

3. The instructions asked by the defendant below were properly refused. The question was not whether Malachi and Richard Maddin were partners in the hiring of the negro, but whether the negro was hired to both or either on their joint credit; and this was a question for the jury to determine on the evidence. Evidence that the negro was hired for the purpose of working in a business in which they were engaged as partners, or jointly concerned, together with the admissions of Richard Maddin, conduced to establish the fact that the hiring was for their mutual benefit, and that the credit was given to both. The second instruction was a mere abstract proposition, which might or might not be true, according to circumstances.

4. The evidence of Thomas Horine, objected to by the defendant below, was not in the nature of *hearsay* evidence, but the statement of a fact, viz: that the negro of Richard Maddin came to the house of Horine with a verbal message from his master Richard. The defendant should have stated the nature of his objection to this evidence. Jackson vs. Hobby, 20 J. R., p. 362.

5. There was nothing improper in permitting the jury to take to their room the plaintiff's account. It is a matter of universal practice in the Circuit Courts to permit the jury to take the declaration or account of the plaintiff, in order to ascertain the nature and character of the demand. The other matter on the back of the account was expressly excluded from the consideration of the jury.

6. Interest is recoverable on contracts for the payment of money, from the time when the principle ought to have been paid. Williams vs. Sherman, 7 Wend., 109.

NAPTON, J., *delivered the opinion of the Court.*

Edmondson, the administrator of the estate of Maria Field, deceased, presented to the County Court of St. Genevieve county an account against the estate of Richard Maddin, for the hire of a slave. The County Court refused to allow the account, and the case was taken to the Circuit Court by appeal. Upon the trial in the Circuit Court, the plaintiff was permitted to prove by Thomas Horine that he was Mrs. Field's agent; and that during the year 1842, a negro boy, named Smith, came to his house with a verbal message from his master, wanting to know if witness had any hands to hire; and that he sent word by the boy to him that he would let him have Mrs. Field's boy Mace, for a year, at $145. This testimony was objected to, but upon an assurance from counsel that the plaintiff expected further to prove that Malachi Maddin had subsequently got the negro, and Richard Maddin had acknowledged his indebtedness for his hire, the testimony was admitted. This witness then proceeded to state, that some weeks after this verbal message, Malachi Maddin came down to his house and agreed to give the sum he ask-

ed for Mace, and told witness that his brother Richard would settle it; that he did not see Richard until some five or six months thereafter, when he informed him that Mrs. Field had written to him for money. Richard remarked to him that the price of lead was low, and it was ruinous to sell at the price. About the expiration of the year for which Mace was hired, the witness again saw Richard Maddin, and dunned him for the money. Richard said he would see the first money made at the mine applied to the settlement of this demand. The witness further stated, that when he was at the mines, he took the bond of Malachi Maddin for the hire, with a blank left for Richard to sign, but that Richard died before he returned home from the mines, or within a day or two afterwards, and he was consequently prevented from obtaining his signature. Malachi Maddin, at the time of the hiring, was insolvent.

There was evidence given in relation to the supposed partnership between Richard and Malachi Maddin. It appeared that they worked together some mineral ground at Valle's Mines, having in their employment several hands. The work was principally superintended by Malachi and Thomas Maddin, but occasionally visited by Richard. The mineral raised was credited to their joint account, and the lead purchased by them was charged to their joint account, and the tools used were paid out of the joint proceeds.

The defendant, in support of his motion to exclude the testimony given by the plaintiff, on the ground that the simple contract was merged in the bond taken, offered in evidence the bond given by Malachi Maddin, which was as follows :

" We, or either of us, promise to pay Mrs. Maria Field, or agent, the sum of one hundred and forty-five dollars, for value received, and to pay six per cent. interest on said amount from the 25th day of November, 1842. Witness our hands and seals this 9th of November, 1843.

[Seal]
Malachi Maddin. [Seal]"

Immediately beneath this bond, was the following writing:

" The above debt was created by Richard and Malachi, having hired of T. M. Horine, agent of Mrs. Field, a certain negro boy by the name of Mace, which boy was used for our use and benefit, in the mines at Valle's Mines, and I consider we are both equally bound to pay.

Malachi Maddin."

The court gave the following instructions to the jury:

1. " That if the jury believe that Malachi Maddin and Richard Mad-

din were in partnership in the mining business, and that the negro was hired for, and worked for the firm, then they must find for the plaintiff.

2. If the jury believe the negro was hired on the credit of the firm, and worked for the firm, and that the proceeds of his labor went to the use of the firm, then they must find for the plaintiff.

3. That the declarations, acts and admissions of Richard Maddin, are evidence of partnership.

4. That the declarations of one member of the firm, after the existence of the firm is proved, is evidence to bind the firm.

6. That if they believe that Richard Maddin was a partner of Malachi Maddin at the time the negro was hired and performed the work, then Richard Maddin is bound for the wages, either jointly or severally.

7. In suits by strangers against persons charging them as partners, it is not necessary to prove an actual partnership, but only to fix a liability; for a man may not be a *partner* in fact, yet, by his acts and language, he may render himself liable as a partner.

8. To fix a liability in such a case, it is requisite to prove that they held themselves out to the public as partners, or permitted their names to be used before the public as partners.

9. The declarations and acts of Malachi Maddin are not evidence of partnership, unless Richard Maddin knew of it, and permitted his name to be thus used.

10. A bare consent of the defendants intestate is sufficient to establish a partnership, and such assent may be implied from his acts and declarations."

The defendant asked the following instructions, which were refused:

" Unless the jury believe from the evidence that Richard Maddin and Malachi Maddin were partners in the hiring of the negro, they must find for the defendant, unless they should also find that the said Richard promised in writing to Mrs. Field to pay her the hire.

That the joint owners of a tract of land, or of a lead of mineral, are not necessarily partners, though they work the land or lead of mineral jointly, and at joint expense."

A verdict and judgment was given for the plaintiff, Edmondson. An unsuccessful motion to set the same aside having been made in the Circuit Court, the case is brought to this Court by writ of error.

It is undoubtedly true, that a bond taken by a creditor from his debtor is considered as an extinguishment of the demand which previously existed only by simple contract. Vaughn vs. Linn, 9 Mo. R., 770. But the

principle can have no application to a case where the circumstances attending the transaction would show that such a construction would be a complete perversion of the intention of both creditor and debtor. How can the bond of Malachi Maddin be considered an extinction of a demand against Richard Maddin, unless the bond was given when the demand first accrued, or was accepted in satisfaction of it? Whether the bond in this case was accepted by Mrs. Field or her agent, as a satisfaction of the demand claimed against Richard Maddin, was a question for the jury to determine, and was properly so considered by the Circuit Court on the trial.

To the instructions of the Circuit Court, in relation to the supposed partnership between Richard and Malachi Maddin, we see no objection.

We think, however, that the court should not have permitted the statement of the witness, Horine, of the conversation between the witness and the servant of Richard Maddin. This testimony, if the jury were permitted to infer that Richard Maddin authorized the message of his servant, upon which hypothesis alone it was admissible, must have been conclusive in fixing the liability of Richard. Indeed, the Circuit Court seemed to consider the testimony illegal, unless there was subsequent proof that Richard Maddin recognized the agency of his servant in this matter. But no such proof was offered. Subsequent conversations between Richard Maddin and the witness, Horine, the object of which was to show a recognition by Richard of his responsibility for the hire of Mace, were given in evidence, and were legitimate evidence for the purpose designed, and may have been satisfactory to the jury, apart from the verbal message of Smith to Horine. But in none of these conversations was any allusion made to the message brought by Richard's servant, nor was any proof offered to show that Richard ever authorized his servant to carry any such message. This Court cannot undertake to say how much influence this illegal testimony may have had in determining the verdict.

The judgment will therefore be reversed and the cause remanded.